United States District Court, District of Mont. Missoula Div.

Kalem Jay Branson
 Plaintiff,

v.

Mayor Paul Briney
Commissioner William Barron
Commissioner Gale Decker
Commissioner Steve Stanley
Sheriff Don Bell
Undersheriff Ben Woods
Judge Deborah Kim Christopher
Judge James Manley
Benjamin R. Anciaux
James Lapotka
Steven Eschenbacher
Molly Owen
Robert J. Long
Jail Staff
City of Polson,
 Defendants.

Civil Action No.

Complaint.
Jury Trial Demanded

---

Kalem Jay Branson, was, and is confined at the Lake County Jail Facility, located at 106 4th Ave E., in the city of Polson, state of Montana, from November 26th, 2021, to present. (Plaintiff)

Defendant Paul Briney, is, and was at all relevant times herein Mayor of the city of Polson.

Defendant Commissioner William Barron, was at all times relevant herein the Commissioner of Adult Services for the city of Polson, with the responsibility for operating and maintaining detention, penal and correctional institutions within the city of Polson, including the County Jail.

Defendant Commissioner Gale Decker, was at all times relevant herein the Commissioner of Adult Services for

The City of Polson with the responsibility for operating and maintaining detention, penal and corrective institutions within the City of Polson, including the County Jail.

Defendant Commissioner Steve Stanley was at all relevant times herein the Commissioner of Adult Services for the City of Polson, with the responsibility for operating and maintaining detention, penal and corrective institutions within the City of Polson including the County Jail.

Defendant Sheriff Don Bell is and was at all relevant times herein the Sheriff, Superintendent of the County Jail for the City of Polson. As Sheriff of the County Jail, Defendant Don Bell manages its day to day operations and executes its policies.

Defendant Undersheriff Ben Woods is and was at all relevant times herein the Undersheriff, Superintendent of the County Jail for the City of Polson. As Undersheriff of the County Jail, Defendant Ben Woods manages its day to day operations and executes its policies.

Defendant Judge Deborah Kim Christopher, and as a individual, is and was at all relevant times herein an employee of the County.

Defendant Judge James Manley, and as a individual is and was at all relevant times herein, an employee of the County.

Defendant Deputy County Attorney for Lake County and as a individual is and was at all times relevant herein an employee of the County. (Defendant Benjamin R. Anciaux)

Defendant Deputy County Attorney James Lapotka, And as a individual is and was at all times relevant herein, an employee of the County.

Defendant Deputy County Attorney Molly Owen, and as a individual, is and was at all times relevant herein an employee of the County.

Defendant County Attorney Steven Eschenbacher and as a individual is and was at all times relevant herein an employee of the County.

Defendant, Jail Staff, is and was at all relevant times herein employees of the County Jail.

Defendant City of Polson is and was at all relevant times herein a Municipal Corporation of the State of Montana.

This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation under color of state law, of rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. This Court has Jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343.

Plaintiffs' claims for injunctive relief are authorized by Rule 65 of the Federal Rules of Civil Procedure. This cause of action arose in the District of Montana, Missoula Division, therefore Venue is proper under 28 U.S.C. Section 1391(B.)

Plaintiff has no other lawsuits dealing with the same facts involved in this action or otherwise relating to their imprisonment.

The Plaintiff has exhausted all available administrative remedies within the Lake County Jail. Grievances have been filed on several occasions, most have not been responded to. Anything having to do with the previous civil suits have not been addressed.

At all relevant times herein defendants were "persons" for the purpose of 42 U.S.C. Section 1983 and acted under color of law to deprive the Plaintiff of his constitutional rights.

A civil claim was filed against Lake County in 1995 by Harry Lozeau, Douglas Matt, Angela Hawkins, Reynaldo Thompson, and Wayne Brown. A order and judgment was issued on October 11, 1996, upon joint request of the parties for the approval and entry of a consent decree in the following form.

Having reviewed the parties agreement and finding that it represents a fair and reasonable resolution of the issues pending among them, hereby approves the following consent decree, order and judgment and directs the entry thereof as follows;
"This consent decree shall be ongoing in nature and continue in full force and effect to legally bind the parties from the date it is approved by the court, regardless of whether any of the named plaintiffs resides in the detention center at any given time. All future and current inmates of the detention center are intended beneficiaries of this consent decree, with full rights to petition to enforce its terms. In entering into this decree, defendants acknowledge that they have carefully considered (A.) the cost of implementing this decree, and (B.) the anticipated needs of Lake County in the future for jail space.

A contempt was filed against the Lake County Jail in 1997, and again in 1999, for not complying with the consent and decree.

Todays date is December 20th, 2021, Lake County has still failed to improve the conditions of the jail facility, in 1999 in an attempt to remedy problems, and despite budgetary cuts, the jail budget "went way up" from $310,000 to $538,000, a conservative estimate is $12,766,000 has been given to the Lake County Jail to improve the jail facility, where has that money been spent? It certainly hasn't been on the jail. The jail looks alot worse now than it did in 1996, we still are dealing with;

1.) Inadequate housing, and over crowding

2.) Inadequate medical care,

3.) Inadequate right to practice religion,

4.) Inadequate access to law library

5.) Inadequate fire safety equipment, and posted routes

6.) Inadequate representation by public defenders,

Relief

The plaintiff prays for relief for monetary damages, compensatory damages in the amount of $1,500.00 for every day spent in the Lake County Jail, and punitive damages in the amount of $1,500,000 (one million, five hundred thousand dollars.)

Dated this 20th day of December, 2021.

Also independent audit, health inspector and be provided adequate housing/ x Kalem Jay Branson
health care                              Kalem Jay Branson,

## Certificate of Service

THIS IS TO CERTIFY THAT A TRUE AND CORRECT COPY OF THIS CIVIL COMPLAINT PURSUANT TO U.S.C. 1983 HAS BEEN SERVED ON ALL PARTIES OF RECORD.
DATED THIS 23rd day of DECEMBER 2021.
POSTAGE PREPAID BY PETITIONER/PLAINTIFF

X _Kalem Jay Branson_
Kalem Jay Branson

U.S. DISTRICT CLERK OF COURT
201 E. BROADWAY
MISSOULA MT.
59802

LAKE COUNTY CLERK OF COURT
106 4TH Ave. E.
POLSON MT.
59860